SLY MAGAZINE, LLC, Plaintiff–
Appellant,

v.

WEIDER PUBLICATIONS L.L.C.
and American Media, Inc.,
Defendants–Appellees.

No. 08–2430–cv.

United States Court of Appeals,
Second Circuit.

Sept. 23, 2009.

John P. Bostany, The Bostany Law Firm, New York, NY, for Appellant.

Cameron Stracher, American Media, Inc., New York, NY, (Susan J. Kohlmann, Elizabeth Valentina, Jenner & Block LLP, New York, NY, on the brief), for Appellees.

PRESENT: CHESTER J. STRAUB, PETER W. HALL, DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Sly Magazine, LLC ("Plaintiff") appeals from the December 18, 2007 judgment of the district court granting summary judgment to defendants-appellees Weider Publications L.L.C. and American Media, Inc. ("Defendants"). *See SLY Magazine LLC v. Weider Publ'ns L.L.C.*, 529 F.Supp.2d 425 (S.D.N.Y.2007). We assume the parties' familiarity with the facts and proceedings in the district court and on appeal.

"On appeal from a grant of summary judgment, the findings with respect to predicate facts underlying each *Polaroid*[1] factor are reviewed with 'considerable deference' to the district court. The district court's balancing of the *Polaroid* factors is subject to *de novo* review." *Playtex Prods., Inc. v. Georgia–Pacific Corp.*, 390 F.3d 158, 162 (2d Cir.2004) (citations and footnote omitted). We review *de novo* a grant of summary judgment, construing the facts in the light most favorable to the nonmoving party. *Am. Express Co. v. Goetz*, 515 F.3d 156, 159 (2d Cir.2008).

## Lanham Act Claims

The Lanham Act protects from infringement unregistered trademarks by prohibiting a person from using "in connection with any goods or services ... in commerce any word, term, name, symbol, or device ... which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person." 15 U.S.C. § 1125(a)(1)(A). In determining trademark infringement, courts consider: (1) whether the plaintiff's mark merits protection; and (2) whether the defendant's use of a mark is likely to cause consumer confusion. *Gruner + Jahr USA Publ'g v. Meredith Corp.*, 991 F.2d 1072, 1075 (2d Cir.1993). In analyzing the likelihood of customer confusion, courts apply the non-exclusive test set forth in *Polaroid Corp. v. Polarad Electronics Corp.*, 287 F.2d 492, 495 (2d Cir.1961), considering: (1) the strength of the plaintiff's mark; (2) the similarity of the marks; (3) the proximity of the products in the market place; (4) actual confusion between the marks; (5) the likelihood of plaintiff's bridging the gap between the products; (6) defendant's good faith in adopting its mark; (7) the quality of defendant's product; and (8) the sophistication of the relevant consumer group. *Playtex Prods., Inc.*, 390 F.3d at 162.

We agree with the Plaintiff that we do not defer to the district court's finding of "long use" of the "Sly" nickname by Sylvester Stallone, *see SLY Magazine LLC*, 529 F.Supp.2d at 438, because there is no evidence in the record that Stallone used "Sly" as his nickname prior to the time of the alleged infringement.[2] To the extent that this is a disputed fact, we conclude that it is not material. *Miner v. Clinton County*, 541 F.3d 464, 471 (2d Cir.2008) ("A fact is material when it might affect the outcome of the suit under governing law."). Excluding this fact from consider-

---

1. *Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492 (2d Cir.1961).

2. The Defendants argue the statement contained in a declaration of Susan J. Kohlmann, submitted in support of the Defendants' summary judgment motion, and the biography of Sylvester Stallone published on the Internet Movie Database's web site in 2005 evidence that "Mr. Stallone was known as 'Sly' since 1976." Neither source, however, supports a conclusion that Sylvester Stallone has been known as "Sly" since as far back as 1976.

ation does not affect the district court's findings with respect to the other predicate facts underlying the mark's strength, and we defer to them.

■ Although giving considerable deference to the district court's remaining predicate factual findings underlying the analysis of each *Polaroid* factor, we also conclude that it improperly weighed the "quality of the product" and "sophistication of customers" factors in favor of the Defendants. "Generally, quality is weighed as a factor when there is an allegation that a low quality product is taking unfair advantage of the public good will earned by a well-established high quality product." *Gruner + Jahr USA Publ'g,* 991 F.2d at 1079. The court properly found that there was no allegation or evidence that the Defendants' magazine is of inferior quality. Because there was no difference in quality of product, it was improper to weigh this factor in favor of the Defendants, *see SLY Magazine, LLC,* 529 F.Supp.2d at 441–42; this factor should be considered neutral. *See Gruner + Jahr USA Publ'g,* 991 F.2d at 1079. As for the sophistication of customers, "the more sophisticated the purchaser, the less likely he or she will be confused by the presence of similar marks in the marketplace." *Savin Corp. v. Savin Group,* 391 F.3d 439, 461 (2d Cir.2004). The district court found that the different media used for the respective magazines "make it highly unlikely that consumers, sophisticated or not, would be confused." *SLY Magazine, LLC,* 529 F.Supp.2d at 442. Based on the court's finding, therefore, customer sophistication should have no bearing on the issue of confusion, and this factor, too, should have been considered neutral.

Notwithstanding that we find that two *Polaroid* factors—"quality of product" and "sophistication of customers"—should be considered as neutral in the *Polaroid* analysis, that fact does not affect our analysis of the six remaining factors, all of which weigh in the Defendants' favor. We agree with the district court, therefore, that the overall balancing of the Polaroid factors does weigh in favor of the Defendants. For that reason, we affirm the grant of summary judgment in favor of the Defendants with respect to the Lanham Act claims.

**State Law Claims**

■ To prevail on a New York unfair competition claim, a plaintiff must show either actual confusion or a likelihood of confusion, and there must be "some showing of bad faith" on the part of the defendants. *Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc.,* 58 F.3d 27, 34–35 (2d Cir.1995). Because the Plaintiff failed to raise a genuine issue of material fact concerning bad faith, the district court's dismissal of the Plaintiff's state law unfair competition claim is affirmed.

■ To prevail on a New York trademark dilution claim, a plaintiff must show that: (1) the trademark is "truly of *distinctive* quality"; and (2) there is a likelihood of dilution. *Sally Gee, Inc. v. Myra Hogan, Inc.,* 699 F.2d 621, 625 (2d Cir. 1983) (internal quotation marks omitted) (emphasis in original). Trademark dilution can be established through either blurring or tarnishment. *See N.Y. Stock Exch. v. N.Y., N.Y. Hotel, LLC,* 293 F.3d 550, 557 (2d Cir.2002). We find no evidence in the record that demonstrates either blurring or tarnishment, and thus we affirm the district court's grant of summary judgment on that claim as well.

For the reasons stated above, the judgment of the district court is **AFFIRMED.**